UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN COXON,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DISTRICT COURT,<br><br>  Defendant. | Case No. 20-cv-05636-JCS<br><br>**ORDER TO SHOW CAUSE AND CONTINUING NOVEMBER 13, 2020 CASE MANAGEMENT CONFERENCE** |

  Having granted Plaintiff's request to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1), the Court is required to review Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether any claims are subject to dismissal on the basis that they:  1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996) .

  Here, the Court concludes that Plaintiff has not stated any viable claim.  First, although the Complaint lists the United States District Court as the sole defendant, *see* Dkt. No. 1, it alleges no facts that relate to any specific conduct or acts on the part of the United States District Court or employees thereof.

  Nor does the Complaint allege any specific conduct on the part of *any* specific entity or individual who might be named as a defendant were Plaintiff to amend his complaint.  Rather, Plaintiff's complaint contains only vague allegations regarding conduct he might have been subjected to and does not identify the individuals or entities who committed the alleged violations. *See, e.g.,* Complaint at 4 (alleging that Plaintiff was "the victim of violent violation of laws" of California, Arizona and the United States; and alleging that he was "violently annoyed, harassed,

1   assaulted, battered, threatened and tormented"),  5 (alleging that Plaintiff "suspects that . . .
2   employees and officials of the United States Government[,] California Government, United States
3   Military, United States and California law enforcement were involved in events and acts of
4   annoying harassing assaulting battering, threatening and tormenting" Plaintiff; and alleging that
5   Plaintiff "suspects that . . . employees and officials of the United States Government[,] California
6   Government, United States Military, United States and California law enforcement were involved
7   in events and acts of extorting and human trafficking" Plaintiff), 19 (alleging that "people who are
8   not certainly known" to Plaintiff violated 18 U.S.C.  2261A "by operating some advanced
9   technology, intending to harass" Plaintiff), 20 (alleging that Plaintiff was "harmed emotionally,
10  mentally and physically as people harassed the [Plaintiff] and operated some technology to
11  remotely cause the [Plaintiff] to perceive harassing strange unusual thoughts").

12          These allegations do not satisfy Rule 8(a)(2) of the Federal Rules of Civil Procedure,
13  which requires that a plaintiff must make "a short and plain statement of the claim showing that
14  the pleader is entitled to relief."  Nor do they satisfy Rule 12(b)(6) of the Federal Rules of Civil
15  Procedure, which requires that the Court accept as true all allegations of fact but not conclusory
16  allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550
17  U.S. 544, 555 (2007) ("[T]he tenet that a court must accept a complaint's allegations as true is
18  inapplicable to legal conclusions [and] mere conclusory statements[.]"),

19          Plaintiff's complaint fails for the additional reason that five of his claims are asserted under
20  the federal criminal code, Title 18, and one is asserted under the California Penal Code.  *See*
21  Complaint at 7-9 (Claim One, asserted under 18 U.S.C. § 113), 9-13 (Claim Two, asserted under
22  18 U.S.C. § 2261A),  13-16 (Claim Three, asserted under 18 U.S.C. § 2261A), 16-20 (Claim Four,
23  asserted under 18 U.S.C. § 2261A), 20-21 (Claim Five, asserted generally under Title 18), 21
24  (Claim Six, asserted generally under the California Penal Code).  The statutes that Plaintiff cites
25  can be enforced by the government, but not by a private individual. *See, e.g., Chrysler Corp. v.*
26  *Brown*, 441 U.S. 281, 284 (1979) (discussing the rare circumstances where courts will imply a
27  private right of action to enforce criminal laws). To the extent that Plaintiff seeks to bring claims
28  under Title 18 or the California Penal Code, those claims cannot be cured by amendment.

2

Finally, the remaining claims asserted in the complaint are too vague to state a claim. In particular, in Claim Seven, Plaintiff alleges only that while he "was located in Arizona during 2015 [he] was victim of multiple violations of Arizona Revised Statutes" without identifying any specific provision or conduct. Complaint at 21. Likewise, in Claim Eight, Plaintiff alleges only that "[d]uring 2011 to 2020 and more times the [Plaintiff] might have been victim of violations of laws of States of the United States other than California and Arizona." *Id.* at 22.

Accordingly, no later than **December 8, 2020**, Plaintiff must file either an amended complaint curing the deficiencies stated herein or a response to this order addressing why his current complaint is sufficient. If Plaintiff does not respond to this order by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed with prejudice. The case management conference previously set for **November 13, 2020 at 2:00 p.m**. is continued to **January 29, 2021 at 2:00 p.m.** Any amended complaint must include the caption and civil case number used in this order 20-cv-05636) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. Appointments, which are currently being conducted by telephone or video-conference due to the health emergency, can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: November 3, 2020

JOSEPH C. SPERO
Chief Magistrate Judge

3